IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER
FOR ROCKBRIDGE COMMERCIAL
BANK,
    Plaintiff,

    v.

CGS PARTNERS, II, LLC, et al.,
    Defendants.

CIVIL ACTION FILE
NO. 1:10-CV-526-TWT

ORDER

This is a suit on a note by the receiver of a failed bank. It is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 68] and the Defendant Dillard Johnson's Motion for Summary Judgment [Doc. 69]. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART the Plaintiff's Motion for Summary Judgment [Doc. 68] and DENIES the Defendant Dillard Johnson's Motion for Summary Judgment [Doc. 69].

I. Background

On July 21, 2005, Integrity Bank, the predecessor to Rockdale Community Bank, loaned CGS Partners, II, LLC ("CGS") $500,000 (the "Loan") evidenced by a

promissory note. (See Allen Dep., Ex. DJ-18.) Christopher Allen, a principal of CGS, signed a guarantee of the Loan (the "Guarantee"). (See Allen Dep., Ex. DJ-17; Johnson Dep., Ex. 2.) Allen also signed the Guarantee in the name of the Defendant Dillard Marr Johnson. The Guarantee pledged certain securities owned by Johnson as collateral for the Loan. (See id.) Johnson claims she did not learn that Allen had pledged her assets or signed her name until May 2006. (Johnson Dep. at 24-25.) Johnson had, however, signed a "Power of Attorney to Provide Full Trading Authorization with Privilege to Withdraw Money and/or Securities"dated July 20, 2000 (the "Power of Attorney"). (See Allen Dep., Ex. DJ-1.) The Power of Attorney gave Allen the power to "buy, sell . . . and trade in stocks, bonds and any other securities and/or commodities and/or options . . . and to utilize all of the features and services now or hereafter available" relating to an investment account. (See id.)

The Loan matured on February 21, 2010 and CGS failed to pay. Similarly, neither Allen nor Johnson paid any amounts pursuant to the Guarantee. On December 18, 2009, Rockdale filed suit against Allen, Johnson, and CGS to recover amounts due under the Loan and Guarantee [Doc. 1]. On December 18, 2009, Rockdale Community Bank closed and the FDIC was appointed receiver. With her answer, Johnson counterclaimed, alleging that the Plaintiff improperly froze two of her bank accounts [Doc. 1]. The FDIC then removed the action to this Court. The FDIC has

filed a Motion for Summary Judgment [Doc. 68] against all the Defendants, arguing that Allen was authorized to sign Johnson's name, or, in any event, that Johnson ratified the forged signature. Johnson has also filed a Motion for Summary Judgment [Doc. 69], arguing that Allen was not authorized to sign her name on the Guarantee.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  Discussion

### A.  Johnson's Motion for Summary Judgment

The Defendant argues that there is no issue of material fact as to her obligation under the Guarantee.

1.     D'Oench Doctrine

First, the Plaintiff argues that Johnson's defenses are barred by the D'Oench doctrine.  See D'Oench, Duhme & Co. v. FDIC, 315 U.S. 447 (1942).  The D'Oench doctrine provides that "[i]n a suit over the enforcement of an agreement originally executed between an insured depository institution and a private party, a private party may not enforce against a federal deposit insurer any obligation not specifically memorialized in a written document such that the agency would be aware of the obligation when conducting an examination of the institution's records."  Baumann v. Savers Fed. Sav. & Loan Assoc., 934 F.2d 1506, 1515 (11th Cir. 1991).  Under the D'Oench doctrine and its statutory counterpart, 12 U.S.C. § 1823(e)[1], "courts have protected the FDIC from secret non-payment agreements, assertions of unwritten arrangements allegedly breached by the bank rendering the debt voidable, and–perhaps most significantly–claims that the creation of the debt was fraudulently induced by the bank."  Vernon v. Resolution Trust Corp., 907 F.2d 1101, 1105 (11th Cir. 1990).  The Supreme Court has indicated, however, that "fraud in the factum—that is, the sort of fraud that procures a party's signature to an instrument

---

[1] "Because [12 U.S.C.] § 1823(e) is merely a codification of D'Oench and its progeny, defenses premised upon § 1823(e) and D'Oench are usually construed in tandem." Federal Deposit Ins. Corp. v. McCullough, 911 F.2d 593, 599 n.4 (11th Cir. 1990).

without knowledge of its true nature or contents . . . would take the instrument out of § 1823(e) [and D'Oench], because it would render the instrument entirely void . . . thus leaving no 'right, title or interest' that could be 'diminish[ed] or defeat[ed].'" Langley v. Federal Deposit Ins. Corp., 484 U.S. 86, 93 (1987); see also Vernon, 907 F.2d at 1106 n.4 (noting that D'Oench does not bar defense "when the borrower is a nonnegligent victim of fraud in the factum.").

Here, Johnson claims that Allen forged her signature. Indeed, Johnson contends that she did not know about the Loan or Guarantee when Allen pledged her securities as collateral. Thus, Johnson alleges fraud in the factum–that Allen "procure[d] [her] signature to an instrument without knowledge of its true nature or contents." Langley, 484 U.S. at 93. For this reason, the D'Oench doctrine does not bar Johnson's defense.

### 2. Forgery

Johnson claims that Allen signed her name to the Guarantee without authorization. "While an unauthorized signature cannot bind a party when forged, if the unauthorized signature is ratified, then the signature becomes binding through ratification of the document." Southtrust Bank of Georgia v. Parker, 226 Ga. App. 292, 295 (1997). "A ratification may be express or implied from the acts or silence of the principal." O.C.G.A. § 10-6-52. "Slight circumstances and small matters will sometimes suffice to raise the presumption of ratification." Pioneer Concrete

Pumping Service, Inc. v. T&B Scottdale Contractors, Inc., 218 Ga. App. 596, 597 (1995). Further, "[i]f, after knowledge of what the agent has done, the principal makes no objection for an unreasonable time, a ratification results by operation of law. Generally, the question of what is an unreasonable period of time is one for the jury." Klingbeil v. Renbaum, 146 Ga. App. 591, 593 (1978). Here, Johnson learned of the alleged forgery in May 2006. (Johnson Dep. at 24-25.) She did not repudiate the signature or contact the Plaintiff until this action was filed in December 2009. (See id. at 33-35.) Thus, even if Allen forged her signature, the Court cannot say as a matter of law that Johnson's three and a half years of silence did not ratify the forgery. See Klingbeil, 146 Ga. App. at 593 (noting that what constitutes unreasonable delay for purposes of ratification is usually jury question). For this reason, Johnson's Motion for Summary Judgment is denied.

### B. FDIC's Motion for Summary Judgment

#### 1. CGS

First, the Plaintiff argues that there is no issue of material fact with respect to CGS's liability under the Loan. "To establish a breach of contract claim, a plaintiff must show (1) an enforceable agreement, (2) breach of that agreement, and (3) damages as a result of that breach." Reindel v. Mobile Content Network Co., 652 F. Supp. 2d 1278, 1287 (N.D. Ga. 2009). Here, the Plaintiff loaned CGS $500,000. (See

Allen Dep., Ex. DJ-18.) Further, CGS acknowledges that it is in default on the Loan. (See id. at 67-68.) Indeed, CGS has not opposed the Plaintiff's motion. For these reasons, the Plaintiff's Motion for Summary Judgment with respect to CGS should be granted.

### 2. Christopher Allen

Similarly, the Plaintiff argues that there is no issue of material fact with respect to Allen's liability under the Guarantee. Again, Allen admits that he signed the Guarantee and that the Loan is in default. (See id.; Ex. DJ-17.) He has not opposed the Plaintiff's motion. For these reasons, the Plaintiff's Motion for Summary Judgment with respect to Allen is granted.

### 3. Dillard Johnson

Finally, the FDIC argues that there is no issue of material fact with respect to Johnson's liability under the Guarantee. First, the Plaintiff contends that the Power of Attorney granted Allen authority to pledge Johnson's assets as collateral for the Loan. The Power of Attorney, however, only authorized Allen to buy, sell, and trade securities using one of Johnson's accounts. (See Allen Dep., Ex. DJ-1.) It was intended to allow Allen to manage Johnson's investment portfolio. The Power of Attorney did not authorize Johnson to pledge any securities as collateral. Thus, Allen did not have explicit authorization to sign Johnson's name on the Guarantee.

Next, the Plaintiff argues that Johnson authorized Allen to pledge her assets based on a course of conduct. "The authority of an agent in a particular instance need not be proved by express contract; it may be established by the principal's conduct and course of dealing, and if one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deducible from the conduct of the parties, the agent apparently has." Sinclair Refining Co. v. Flint Nat'l Bank, 45 Ga. App. 769 (1932) (quoting Germain Co. v. Bank of Camden County, 14 Ga. App. 88 (1918)).

Here, the Plaintiff notes that Johnson had invested in two previous business ventures with Allen–CGS Partners ("CGS I"), a distinct entity from CGS, and Bionumerics. As part of those ventures, Johnson placed $150,000 in two accounts. She then authorized Allen to withdraw money from those accounts and invest it. (See Johnson Dep. at 11-18.) This authorization, however, related only to Johnson's investments in CGS I and Bionumerics. Johnson never gave Allen authorization to sign her name or pledge any assets other than those in two specified accounts. Indeed, Johnson testified that she gave Allen explicit permission to withdraw $150,000 to invest in CGS I and Bionumerics. (Id. at 16.) By contrast, Johnson testified that she *did not* give Allen permission to pledge her assets as collateral for the Loan. (Id. at

30-31.) Johnson's prior investments did not confer upon Allen unlimited authority to pledge any or all of her assets. See Miles v. Smith, 37 Ga. App. 619, (1928) (noting that agent must act only within authority granted him and persons dealing with agent must inquire as to the extent of his authority). For these reasons, Allen was not authorized to pledge Johnson's accounts based on a course of conduct.

Finally, the Plaintiff argues that even if Johnson did not authorize Allen to sign the Guarantee in her name, she ratified the forgery by failing to take action once she learned of the unauthorized signature. As discussed above, "a ratification may be express or implied from the acts or silence of the principal." O.C.G.A. § 10-6-52. "If, after knowledge of what the agent has done, the principal makes no objection for an unreasonable time, a ratification results by operation of law. Generally, the question of what is an unreasonable period of time is one for the jury." Klingbeil v. Renbaum, 146 Ga. App. 591, 593 (1978).

In Klingbeil, the defendant's son endorsed a note in his father's name. The defendant argued that the endorsement was ineffective because his son was not authorized to act on his behalf. Although the defendant learned of the endorsement, he did not repudiate the signature for over two years. The trial court granted the plaintiffs' motion for summary judgment. The Georgia Court of Appeals reversed, holding that "issues of fact remain for jury determination as to whether an

unreasonable time has passed so as to result in a ratification as a matter of law; also, as to whether or not defendant's action or nonaction has resulted in ratification." Id.

By contrast, in Hendrix v. First Bank of Savannah, 195 Ga. App. 510 (1990), the plaintiff sued a bank for accepting a check bearing the plaintiff's forged signature. The court, however, held that the plaintiff had ratified the forgery by failing to take action for eight months and treating the forgery as if it were a loan, even accepting several "loan payments" from the alleged forger. The court reasoned that "the 'peculiar circumstances' of the facts presented here . . . particularly appellant's affirmative acts strongly indicating ratification, distinguish this case from Klingbeil . . . and other cases where only silence or mere inaction of the principal is offered to show ratification."

Here, Johnson learned of the forgery in May 2006. (Johnson Dep. at 24-25.) As in Klingbeil, the Defendant failed to repudiate the forgery until this action was commenced. Unlike Hendrix, however, Johnson did not characterize the forgery as a loan or accept payments or benefits resulting from the transaction. Thus, "issues of fact remain for jury determination as to whether an unreasonable time has passed so as to result in a ratification as a matter of law; also, as to whether or not defendant's action or nonaction has resulted in ratification." Klingbeil, 146 Ga. App. at 593. For

these reasons, the Plaintiff's motion for summary judgment with respect to Johnson is denied.

## IV.  Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Plaintiff's Motion for Summary Judgment [Doc. 68] and DENIES the Defendant Dillard Johnson's Motion for Summary Judgment [Doc. 69].

SO ORDERED, this 9 day of May, 2011.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge